IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DARREN LOUIS SALLIE,**

    **Petitioner,**

v.                                                  5:04CV15-SPM/AK

**WARDEN MONICA WETZEL &
UNITED STATES OF AMERICA,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

      Presently before the Court is Petitioner's *pro se* § 2241 petition. Doc. 1. Respondents have filed their response, Doc. 6, and the time for filing a reply has long since passed. This cause is therefore in a posture for decision.

      In his petition, Petitioner challenged the authority of the Bureau of Prisons to collect court-ordered restitution through the Inmate Financial Responsibility Program. Doc. 1. As relief, Petitioner sought an order removing Petitioner from participation in IFRP and place him in "its No Obligation Status." He also requested "that money taken by [Respondents] be returned to [him] or immediately release [him]...." *Id*. Since filing the petition, Petitioner has been released from custody. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

To the extent Petitioner sought release and relief from further participation in IFRP, his release from custody has achieved both of those goals. To the extent that he seeks refund of the funds paid towards his restitution through IFRP, Petitioner is entitled to no relief. Petitioner's judgment from the United States District Court for the Southern District of Alabama required immediate payment of the special assessment and restitution to the victim or payment of that sum "in minimum monthly installments of $100.00 to commence 30 days after the date of this judgment." Doc. 6, Ex. 5. According to Respondents, while incarcerated, Petitioner was paying only $75.00 each quarter towards the restitution, significantly less than the Court ordered. *Id*. at Ex. 6. Because the purpose of IFRP is to "encourage[ ] each sentenced inmate to meet his...legitimate financial obligations" 28 C.F.R. § 545.10, including court-imposed fines and restitution, it was appropriate for Respondents to assist him in meeting the court's judgment. since a defendant's willful refusal to pay his restitution or his failure to make sufficient efforts to pay the restitution has significant consequences. "[P]ayment of restitution is delinquent if a payment is more than 30 days late." 18 U.S.C. § 3572(h). "[P]ayment of restitution is in default if a payment is delinquent for more than 90 days...[W]hen...payment of restitution is in default, the entire amount of the...restitution is due within 30 days after notification of the default, subject to the provisions of section 3613A." *Id*. at § 3572(i). Section 3613A in turn contemplates the effects of a default in payment of restitution: "Upon a finding that the defendant is in default on a payment of...restitution, the court may...resentence a defendant pursuant to section 3614, hold the defendant in contempt of court...or take any other action necessary to obtain compliance with the order of...restitution." 18 U.S.C. § 3613A(a)(1). If the defendant "knowingly fails to pay a delinquent...restitution the court may resentence the defendant to any sentence which might originally have been imposed," 18 U.S.C. § 3614(a),

including imprisonment: "The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that--

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine...." *Id*. at § 3614(b).

IFRP specifically addresses these issues. "When an inmate has a financial obligation, [prison] staff shall help [the] inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. Steps towards helping an inmate meet his financial obligations begin during the initial classification process. *Id*. at § 545.10. "[A]t subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." *Id*. In the end, the inmate himself is "responsible for making satisfactory progress in meeting his...financial responsibility plan and for providing documentation of these payments to unit staff." *Id*. at § 545.11(b). If an inmate refuses to participate in the IFRP or fails to comply with his financial plan, he is denied certain incentives which are reserved for participating inmates, such as furlough, bonus pay, outside work assignments, and placement in community-based programs, and is subject to limits on his commissary spending and placement in the lowest housing status. *Id*. at § 545.11(d).

Though frequently challenged, the IFRP has universally been upheld as constitutional and as fulfilling legitimate penalogical interests. *See*, *e.g.*, *McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1998). IFRP has not been addressed by the Eleventh Circuit, but there is no reason to think that the Eleventh Circuit would deviate from the conclusions of its sister courts in this

regard.

Despite Petitioner's protestations to the contrary, this case is factually distinguishable from *Prouty*. In *Prouty*, the court was not sufficiently clear as to its true intentions with regard to the restitution order. On the one hand, it declared that restitution was due immediately, while on the other hand, it waivered after the defendant objected to immediate payment on the ground that he did not have the means to make immediate restitution. *Prouty*, 303 F.3d at 1251. The court denied the defendant's request that it set a reasonable payment schedule, stating instead that it would "'leave that to the discretion of the Probation Office or whoever does that.'" *Id*. And therein lay the problem, according to the Eleventh Circuit, which found the restitution order to be improper because it required "'immediate' payment with an informal understanding that the probation office shall set a repayment schedule." *Id*. at 1255.

In this case, the Court ordered Petitioner to make immediate restitution, or if unable to make immediate restitution, to pay $100.00 monthly. Petitioner has presented nothing to suggest that the Court deviated at sentencing from that payment schedule so as to create a *Prouty* concern.

IFRP gives an inmate who owes a legitimate financial obligation an opportunity to fulfill all the terms of a judgment, terms which were set by the court in the payment schedule. Imposing a monetary penalty and then turning the enforcement of that penalty over to the Bureau of Prisons is not impermissible. It is generally recognized that when a court orders that the fine is due immediately, it does not require "immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *McGhee*, 166 F.3d at

886 (citation omitted). Assisting an inmate to meet his financial obligations and to become financially responsible is a legitimate function of a prison; to allow an inmate to disregard those obligations, as the instant Petitioner desires, would place the penitentiary in the position of ignoring its own court-ordered enforcement obligations with full knowledge that the inmate faces significant legal consequences if he does not take steps towards meeting those obligations. Such an approach would hardly fulfill the prison's obligations to protect, instruct, and discipline those charged to its care.

Petitioner has pointed to nothing which even suggests that his participation in the IFRP was anything other than voluntary or that his participation in the IFRP subjected him to cruel and unusual punishment or to double jeopardy. Though there were certainly incentives to participation, he pointed to no "harsh sanctions" for an inmate's refusal to participate in the IFRP. A non-participating inmate simply does not get choice job or housing assignments and cannot spend as much as he would like at the commissary or be given furlough. There is nothing unconstitutional or improper about using carefully selected and enticing incentives to encourage an inmate to pay what he legitimately owes.

The courts which have considered the fact pattern presented here are in agreement. *See Bramson v. Winn*, 136 Fed. Appx. 380 (1st Cir. 2005); *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1998); *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998), *cert. denied*, 526 U.S. 1091 (1999); *Pleasants v. Dewalt*, 2003 WL 23350442 (E.D.N.C. Feb. 14, 2003); *Solis v. Menifee*, 2000 WL 1401633 (S.D.N.Y. Sept. 25, 2000); *Hudson v. True*, 1999 WL 1285832 (D. Kansas Dec. 23, 1999).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition

*Page 6 of 6*

for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DENIED** and that this cause be

**DISMISSED WITH PREJUDICE**.

    **IN CHAMBERS** at Gainesville, Florida, this **26th** day of September, 2005.

                              **s/ A. KORNBLUM**
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**